IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-mc-00005-CMA-MEH

HOWMEDICA OSTEONICS CORP.,

    Plaintiff,

v.

MORGAN SCHILLING,

    Defendant.

---

**ORDER OVERRULING OBJECTION TO ORDER BY MAGISTRATE JUDGE**

---

This matter is before the Court on Nonparty ORP Surgical, LLC's ("ORP") Objection (Doc. # 73) to an Order issued by United States Magistrate Judge Michael E. Hegarty (Doc. # 70), wherein he denied ORP's Motion for Reconsideration (Doc. # 68) and required a forensic review of ORP's document database. For the following reasons, the Court overrules ORP's Objection and affirms Magistrate Judge Hegarty's Order. The Order (Doc. # 70) is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## I.    BACKGROUND

This subpoena dispute has been pending for over 18 months, since ORP initiated this action by filing its Motion to Quash a subpoena issued by Plaintiff Howmedica Osteonics Corp. ("Stryker"). (Doc. # 1.) The dispute relates to discovery for a case pending in the United States District Court for the District of New Jersey, No. 2:20-cv-

09621-CCC-MF ("New Jersey federal case"). In the New Jersey federal case, Stryker is suing an individual named Morgan Schilling, a former Stryker employee who worked closely with ORP. (*Id.*) In addition, ORP and Stryker were parties to a lawsuit in this District before United States Judge R. Brooke Jackson, which culminated in a two-week bench trial and judgment in favor of ORP as the plaintiff ("Colorado federal case"). (Doc. # 73 at 2.) Because the parties and Judge Hegarty have thoroughly summarized the history of the underlying conflict and the related lawsuits, the Court finds it unnecessary to repeat that background here. *See* (Docs. ## 68, 73, 78, 80). Needless to say, and as all involved parties readily admit, "counsel for ORP and Stryker do not agree on anything." (Doc. # 68 at 2); *see also* (Doc. # 72 at 39, 56) (counsel and Judge Hegarty acknowledging that "there is a lot of bad blood").

The original subpoena in this case was served on Lee Petrides, a representative of ORP, in November 2021 on the first day of the bench trial before Judge Jackson. (Doc. # 73 at 3.) ORP states that Judge Jackson criticized Stryker serving the subpoena in court as "abusive litigation tactics" and an attempt to "intimidate" Petrides. (*Id.*) However, Stryker contends that it had no choice but to serve Mr. Petrides at the courthouse because Mr. Petrides "engaged in deliberate efforts to evade service over 10 times in several weeks." (Doc. # 80 at 3.) ORP filed a Motion to Quash that subpoena, thus initiating this action. (Doc. # 2.) While that motion was pending, the parties reached a stipulation wherein ORP agreed to permit Stryker to use the documents produced by ORP in the Colorado federal case in the New Jersey federal case against Mr. Schilling. (Doc. # 73 at 3–4.) ORP certified that it had produced all

2

documents responsive to the subpoena and agreed that if Stryker identified responsive documents that it believed ORP had not produced, then Stryker would confer with counsel for ORP to request and obtain those documents. (*Id.* at 4.) In light of the stipulation, this case was closed. (Doc. # 17.)

The stipulation proved unsuccessful, and Stryker filed a Motion to Enforce Stipulation and Compel ORP's Compliance with Document Subpoenas in this case on May 16, 2022. (Doc. # 21.) Judge Hegarty recommended that the motion be denied for lack of jurisdiction because the Court did not retain jurisdiction to enforce the stipulation after the motion to quash was withdrawn and the case was closed. (Doc. # 28.) This Court adopted that Recommendation without objection. (Doc. # 29.) Stryker then served a new round of subpoenas to ORP and its owners ("ORP Parties"). (Doc. # 80 at 4.) According to Stryker, Mr. Petrides again evaded service numerous times. (*Id.*) Stryker ultimately filed a new Motion to Compel the ORP Parties' compliance with this new round of subpoenas. (Doc. # 30.)

At a hearing on the Motion to Compel on October 25, 2022, Judge Hegarty ordered the ORP Parties to produce payment information related to Morgan Schilling and Stryker to "provide a proposed verified statement to ORP to complete regarding the searches which were made and the documents that were produced or not." (Doc. # 41 at 1.) In the weeks that followed, Stryker and the ORP Parties were unable to come to agreement regarding the verified statement and whether relevant documents had or had not been produced. On January 25, 2023, Stryker filed a Motion for Order to Show Cause for failure to comply with Judge Hegarty's October 25, 2022 Order because

3

Stryker believed that ORP had not produced all responsive documents. (Doc. # 48.) At a hearing on the motion on April 4, 2023, Judge Hegarty denied Stryker's Motion for Order to Show Cause without prejudice and directed ORP to "bend over backwards and do whatever is reasonable to do a fulsome and complete search without coming back to [court].) (Doc. # 58 at 55; Doc. # 55.)

Judge Hegarty's order to "do a fulsome and complete search" related to an ongoing conflict over ORP's document database. According to Stryker, ORP "inexplicably and deliberately" archived its database of collected documents while the first subpoena was pending and the stipulation was in effect. (Doc. # 80 at 3.) This resulted in several conflicts as to ORP's ability to produce various documents and its compliance with the subpoenas. *See* (*id.*) ORP argued on multiple occasions that it would cost in excess of $15,000 or $10,000 to reactivate the database and have it accessible in a usable format. (Doc. # 48-1 at 3; Doc. # 58 at 51–52.) However, after the April 4, 2023 hearing and Judge Hegarty's direction that ORP should "bend over backwards" to do a complete search, ORP reactivated its document database and conducted an additional search of its records for responsive documents. (Doc. # 73 at 5.) According to Stryker, on May 29, 2023, ORP turned over a supplemental production of close to 1,000 pages of information, or 290 documents, that were directly responsive to Stryker's requests in the Colorado federal case but had never been produced. (Doc. # 80 at 6.) Stryker contends that this production happened in spite of ORP's repeated claims that it had done a fulsome search in that lawsuit, that production was "complete," and that Stryker had "everything" it needed. (*Id.*) Stryker argues that this production only

4

raised more questions as to ORP's representations and whether production was actually complete. (*Id.*)

On June 1, 2023, Judge Hegarty conferred with the parties and ORP regarding the status of the discovery dispute after ORP's production of documents from the database. (Doc. # 67.) Following the hearing, Judge Hegarty ordered:

> As discussed, ORP shall draft an order directing a third-party forensic expert to review, on Plaintiff's behalf, a defined set of documents in ORP's eDiscovery database which the parties colloquially refer to as the "restored database." Plaintiff shall draft a forensic expert protocol that would govern the review. The parties will exchange drafts and confer as needed to provide the Court with one proposed order and one proposed expert protocol.

(*Id.*) On June 16, 2023, ORP filed a Motion for Reconsideration of Judge Hegarty's Order requiring a third-party forensic review. (Doc. # 68.) ORP argued that the Judge Hegarty should find that the subpoena has been complied with and that, under Tenth Circuit precedent, "a party may not demand an inspection of computer hard drives merely because they want to search for additional documents responsive to the party's document requests." (*Id.* at 2.)

Judge Hegarty held another status conference on June 20, 2023. (Doc. # 70.) During the hearing, Judge Hegarty explicitly found that there had been "substantial noncompliance" by ORP such that a forensic review was warranted to confirm that ORP had produced all responsive documents. (Doc. # 72 at 3.) Judge Hegarty acknowledged ORP's perspective that Stryker was "all over the map" and kept "shifting what they want or what they're saying." (*Id.* at 51–52.) However, Judge Hegarty noted that a forensic review by a neutral third party would help to resolve that issue because then Stryker

5

"can't argue with it." (*Id.* at 52.) Moreover, "because of what both parties have agreed is . . . bad blood," Judge Hegarty found "that there is a basis to say that it's impossible for [ORP] to engage in a search that would represent [Stryker's] interests." (*Id.* at 56.) The transcript from the hearing reflects that counsel for ORP ultimately consented to the third-party forensic review, with Stryker to pay the costs. (*Id.* at 40, 57, 63, 72, 75–76.) For example, counsel for ORP stated "[w]e're going to do the protocol that you're talking about." (*Id.* at 57.) Later, when Judge Hegarty noted that counsel for ORP "has already agreed" to the forensic review, counsel for ORP did not object and continued to discuss the procedural logistics of the review process. (*Id.* at 75–76.)

After the hearing, Judge Hegarty issued a minute order reflecting that he had denied ORP's Motion for Reconsideration and granted Stryker's request for a third-party forensic review of the database. (Doc. # 70.) He ordered:

> Plaintiff shall bear the costs of the review, which will be conducted by Keith Ganey of *Epiq Global*. With Mr. Ganey's assistance, Plaintiff shall draft a forensic expert protocol that defines with precision the procedure Mr. Ganey shall follow to review the Database including, among other things, specifying Mr. Ganey will conduct the review from wherever he regularly conducts business and not Plaintiff or ORP counsel's offices, requiring Mr. Ganey to have no communications with Plaintiff's counsel once his review starts, explaining how Mr. Ganey will access the Database, identifying the searches Mr. Ganey will run (including search terms, if any), and setting forth the procedure with which Mr. Ganey will segregate his findings within the Database for ORP counsel's review. As discussed on the record, ORP will have the opportunity to review Mr. Ganey's findings and respond with any objections in open court.

(*Id.* at 1–2.) Judge Hegarty also set forth the procedure that the parties and the court discussed during the hearing as to drafting the forensic expert protocol and resolving any related objections. (*Id.* at 2.)

6

ORP filed the instant Objection to Judge Hegarty's Order on July 3, 2023 (Doc. # 73), and Stryker timely filed a Response (Doc. # 80). The matter is now ripe for review.

## II.     LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm a Magistrate Judge's decision unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West. Comms., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III.     DISCUSSION

ORP raises two objections to Judge Hegarty's Order: (1) Judge Hegarty erred in overruling ORP's Motion for Reconsideration regarding the appointment of a Stryker-designated expert to conduct a review of the database by "rejecting persuasive Tenth Circuit authority"; and (2) Judge Hegarty erred by finding that Stryker had made a showing sufficient to warrant forensic review of the database. (Doc. # 73 at 1, 11.)

As an initial matter, the Court notes that counsel for ORP *consented* to the forensic review process during the June 20, 2023 hearing. *See* (Doc. # 72 at 40, 57, 63, 75, 76.) ORP's Objection is therefore incongruous with its former position and appears to constitute another tactic to prolong and contest this discovery dispute. The Court agrees with Judge Hegarty that a third-party forensic review presents the best

7

mechanism to ensure an efficient and speedy resolution of this action because it will foreclose Stryker from metamorphosizing its discovery demands and resolve any questions as to ORP's production and compliance. (*Id.* at 48.) ORP's current attempt to backtrack on its consent to the forensic review provides little grounds to overrule Judge Hegarty's Order.

Turning to the substance of ORP's Objection, the Court disagrees with ORP that Judge Hegarty erred by "rejecting" an unpublished 2001 Tenth Circuit case encaptioned *McCurdy Group v. American Biomedical Group, Inc.*, 9 F. App'x 822 (10th Cir. 2001). In *McCurdy*, the Tenth Circuit ruled that the district court did not err in affirming a magistrate judge's order denying the "drastic discovery measure" of permitting a party to inspect another party's hard drives based solely on the party's apparent skepticism that all relevant documents had been produced. *Id.* at 831. ORP contends that "courts around the country continue to find [*McCurdy*] persuasive" and points to cases from other districts in which courts have held that forensic review of an electronic database is appropriate only where there has been a showing of noncompliance with discovery rules or other misconduct. (Doc. # 73 at 9–10); *see, e.g.*, *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV-GOODMAN, 2014 WL 11498061, at *3 (S.D. Fla. Dec. 30, 2014) ("Generally speaking, courts do not require a forensic analysis in the absence of consent unless there has been significant non-compliance with discovery obligations."). The Court notes that ORP cited only to *McCurdy* and *Procaps* in its Motion for Reconsideration, *see* (Doc. # 68 at 8), and thus failed to bring any of the new caselaw it cites in its Objection to the attention of Judge Hegarty. Regardless, the matter is

immaterial because the Court finds no clear error or abuse of discretion in Judge Hegarty's Order.

First, Judge Hegarty's Order is not inconsistent with *McCurdy*. To the contrary, Judge Hegarty explicitly found that "there has been substantial noncompliance" by ORP justifying a third-party forensic review of the database. (Doc. # 72 at 3.) To the extent that Judge Hegarty expressed skepticism of *McCurdy* because of the age of the case and advancements in technology, the Court sees no clear error. Judge Hegarty's statements questioning the persuasive value of a 2001 unpublished Tenth Circuit case do not change the fact that Judge Hegarty applied a legal standard entirely consistent with that case. Further, Judge Hegarty's Order is consistent with the other out-of-circuit cases cited by ORP requiring a finding of "substantial noncompliance" to order a third-party forensic review.[1]

The Court also disagrees with ORP that Judge Hegarty "crafted a new standard that does not exist in the caselaw." (Doc. # 73 at 11.) ORP accuses Judge Hegarty of determining that ORP should conduct a search that represents Stryker's interest. (*Id.*) But Judge Hegarty did no such thing—he merely found that there is a "basis to say that it's impossible for [ORP] to engage in a search that would represent [Stryker's] interests." (Doc. # 72 at 56.) Judge Hegarty then appropriately determined that this

---

[1] ORP later shifts the goalposts in its Objection to argue that "[a]ll relevant authorities establish that the drastic remedy of a forensic examination by a third-party is not permitted absent evidence establishing that ORP was attempting to improperly thwart discovery." (Doc. # 73 at 15.) This appears to be a standard stated in *Procaps*, a case from the Southern District of Florida, and is not binding on this Court. In any event, Judge Hegarty found "substantial noncompliance" on the part of ORP and thus did not err in determining that ORP's conduct merited ordering a third-party forensic review.

9

along with the "bad blood" in this case and ORP's substantial noncompliance warranted a third-party forensic review of ORP's database.

Finally, ORP objects that "Stryker has made no showing warranting a forensic review process." (Doc. # 73 at 11–15.) In so arguing, ORP rehashes the contentious history of the parties' various lawsuits and discovery disputes, argues that Stryker's theories in the New Jersey federal case are meritless, and accuses Stryker of misusing its subpoenas to collaterally attack the judgment in the Colorado federal case, among other points. (*Id.*) The Court has thoroughly reviewed ORP's Objection (Doc. # 73), the transcript of the hearing (Doc. # 72), and Judge Hegarty's Minute Order (Doc. # 70), and finds that Judge Hegarty did not err or abuse his discretion in finding that Stryker made a sufficient showing warranting a third-party forensic review. Mindful of the "wide breadth of the magistrate judge's discretion over discovery matters," the Court sees no reason to disturb Judge Hegarty's rulings. *Williamson v. Clark*, 96 F.3d 1454 (10th Cir. 1996); *see Ariza*, 167 F.R.D. at 133 (stating that a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes).

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS that ORP's Objection to Order of Magistrate Judge (Doc. # 73) is OVERRULED.

DATED:  July 24, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge